IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:10-1031-JFA |
| ) | |
| v. ) | |
| ) | ORDER |
| DAMON MCDUFFIE ) | |
| ) | |
| _____ ) | |

This matter is before the court on defendant's motion to correct/amend his plea agreement (ECF No. 76). The government has responded in opposition noting that this court lacks jurisdiction to consider the motion because the defendant's direct appeal of his conviction is pending. The government also suggests that the defendant has the option to file a motion to vacate or correct his sentence after his appeal is resolved. A review of the docket reveals that after the government responded to the defendant's motion, the Mandate of the Fourth Circuit Court of Appeals was filed on December 21, 2012, affirming the conviction and dismissing the appeal in part.[1]

In his motion, the defendant contends that he and the court were the victims of fraud which placed the defendant in an unfair negotiating advantage.[2] The gist of the defendant's claim is that the government engaged in prosecutorial misconduct by allowing the defendant to be represented by an attorney who was himself the target of an investigation. He seeks this court's review of the matter and suggests that he is willing to "return to negotiations in

---

[1] *See United States v. Damon D. McDuffie*, 4CCA No. 12-4322.

[2] The defendant pled guilty to Count 2 of the Indictment and waived his right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255, so long as the sentence he received did not exceed 15 months actual incarceration followed by the appropriate term of supervised release.

efforts to bring about a speedy remedy." He also suggests that he will agree to an adjusted sentence of 6 to 9 months.

The defendant is hereby advised that this court intends to recharacterize his present motion to amend his plea agreement as one to vacate or correct his sentence under 28 U.S.C. § 2255. Pursuant to *Castro v. United States*, 124 S.Ct. 786 (2003), if a court recharacterizes a *pro se* defendant's motion as a first motion to vacate, it must (1) notify the defendant that it intends to recharacterize the pleading; (2) warn the defendant that this recharacterization means that any subsequent motion to vacate will be subject to the restrictions on second or successive motions to vacate, and (3) provide the defendant an opportunity to withdraw the motion or amend it so that it contains all the claims he believes he may file in the motion to vacate.

The court hereby notifies the defendant that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

The defendant is further notified that if he later seeks to file a successive § 2255 petition, he "must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)).

The court will allow the defendant 30 days to withdraw or amend his motion (ECF No. 76) or he may set forth his objections to its recharacterization and request that his pleading be ruled on the merits as filed. The Clerk is directed to send a blank copy of § 2255 forms to the defendant should he desire to refile or amend the current motion.

IT IS SO ORDERED.

January 25, 2013　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge