IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:10-1031-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAMON MCDUFFIE | ) | |
| | ) | |
| _____ | ) | |

     This matter is before the court upon an unusual pleading filed by the defendant which is styled "Request for Review." It was filed while the defendant's appeal of his conviction was still pending before the Fourth Circuit Court of Appeals. The Fourth Circuit has now affirmed the defendant's guilty plea and sentence, and the mandate has issued. This court has previously entered an order advising the defendant that it intended to recharacterize the original pleading filed by the defendant (ECF No. 76) as a motion brought pursuant to 28 U.S.C. § 2255. That order advised the defendant of his right to object to the recharacterization, and of the procedural consequences of not including all of his requested relief in the § 2255 petition.

     The defendant responded by indicating that he did not wish to have his present motion recharacterized and urged the court to decide the pleading upon the record in this case.

     The government has responded and moved to dismiss the defendant's motion. The court agrees with the government that the motion fails to properly invoke the jurisdiction of this court, given that defendant has expressly requested that the motion not be recharacterized

as a § 2255 petition; that McDuffie has waived the right to make the claims asserted in his motion given his decision to earlier litigate them in his direct appeal; and the motion is completely lacking in legal or factual merit.

Prior to his indictment, McDuffie was approached by law enforcement agents and he chose to retain the services of private counsel, referred to by the government in its motion to dismiss as "Lawyer A." Lawyer A then requested a proffer agreement, which McDuffie signed. McDuffie was thereafter debriefed by federal agents pursuant to that proffer on August 16, 2010. The government then received evidence that Lawyer A might have committed certain violations of federal law that were completely unrelated to the allegations concerning McDuffie. McDuffie was then indicted on October 19, 2010, and made his first appearance before this court on November 4, 2010. After McDuffie was indicted, Lawyer A filed a notice of appearance in this case.

The United States opened a criminal file concerning Lawyer A on November 29, 2010. Prior to the first pretrial conference in McDuffie's case, Lawyer A was alerted by the United States that he was the subject of a criminal investigation, and the United States government then took the position that Lawyer A had a "potential" conflict of interest in all federal criminal cases pending in this district. Lawyer A then voluntarily withdrew from representing any defendants in this district until the Grand Jury investigation of his case was completed.

This court granted Lawyer A's motion to withdraw from McDuffie's case (see ECF No. 24) and the United States Magistrate Judge appointed Assistant Federal Public Defender Allen Burnside to represent McDuffie. As soon as he was appointed, Burnside was apprised of the potential conflict of interest issues in the case. Burnside then indicated to the government that McDuffie had withheld certain information from federal agents during his initial proffer at the direction of Lawyer A. With commendable candor, the United States gave McDuffie the opportunity to disclose this information without claiming that McDuffie had breached the proffer agreement. Ultimately, McDuffie pled guilty and the government agreed to a variant sentence in this case based, at least in part, on the potential conflict of interest issue discussed earlier in this order.

It can readily be seen from this record that: (1) the potential conflict was not known to the United States prior to McDuffie's signing his proffer; (2) the United States raised the issue of the potential conflict prior to the first pretrial conference in this case; (3) the potential conflict never materialized into an actual conflict; (4) McDuffie suffered no detriment from the potential conflict; and (5) McDuffie actually benefitted from the potential conflict issue because the United States agreed to a variant sentence based in part upon the potential conflict. Moreover, McDuffie has already raised these issues in his *pro se* brief filed with the Fourth Circuit Court of Appeals. The Court of Appeals rejected all of McDuffie's contentions.

For all the foregoing reasons, the defendant's request for review (ECF No. 76) is denied; and the government's motions to dismiss (ECF Nos. 81 and 90) are granted.

IT IS SO ORDERED.

April 9, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge